# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROWENA MOLSON, | ) | |
| Plaintiff, | ) | C.A. No. 18-264 Erie |
| v. | ) | |
| | ) | |
| JAMES R. COORTNEY, | ) | District Judge Susan Paradise Baxter |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Rowena Molson commenced this proceeding by filing a motion to proceed *in forma pauperis* [ECF No. 1] and attaching to it a "complaint" directed against the Defendant, James R. Coortney, who is identified as a "master carpenter." The complaint alleges, in pertinent part, the following:

> Plaintiff Rowena Molson unable to retrieve portable personal property without merit given by text to federal court as Defendant is incommunicata by phone, text, letter at all and every time with refusal i'sn [sic] explicit display by word, deed and oral speech. For Plaintiff to have right of way access to remove Plaintiff's legally owned items of a shed valued at four thousand dollars …"

(ECF No. 1-1, Section III). As relief for her claim, Plaintiff asks Defendant to either "waive[] access road to Plaintiff for removal of Plaintiff's portable personal property … within a 30 day time interval or … retain[] Plaintiff's portable personal property and issue[] a money draft instrument of $12,000.00 for the retainment of Plaintiff's personal portable property." (Id., Section IV).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether

1

(s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Here, Plaintiff cites as the legal bases for her claim "rent lease and ejectment" and "other personal property" (ECF No. 1-1, Section IIA), neither of which is cognizable in federal court. At most, Plaintiff's claim may be construed as a claim of deprivation of property without due

---

[1] This provision was formerly codified as 28 U.S.C. §1915(d).

process of law in violation of the Fourteenth Amendment; however, it is apparent that Defendant is not a state actor against whom a claim under 42 U.S.C. § 1983 may be properly asserted. Because Plaintiff would not be able to cure this deficiency by amendment, the "complaint" will be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(1).

An appropriate Order follows.